958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sverre TYNNING, Plaintiff-Appellant,
v.
CITY OF DESERT HOT SPRINGS; Louis R. Fortin, Defendants-Appellees.
 No. 91-55139.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1992.*
Decided March 27, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sverre Tynning appeals the grant of summary judgment on his 42 U.S.C. § 1983 claims against Officer Louis Fortin and the City of Desert Hot Springs (the City). Tynning asserts Fourth Amendment violations stemming from Fortin's use of his gun and warrantless entry. He also maintains that the City was deliberately indifferent to the need for adequately trained officers. We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990).
 
 A. Excessive Force
 
 3
 According to Tynning, Fortin employed excessive force by pointing his gun.[1] Yet Tynning does not assert that Fortin attempted to fire or indicated any intention of doing so. Because this mere show of force could not give rise to a constitutional violation, Fortin and the City were entitled to judgment as a matter of law. See, e.g., Hinojosa v. City of Terrell, 834 F.2d 1223, 1231-32 (5th Cir.1988).
 
 B. Warrantless Entry
 
 4
 Tynning alternatively contends that Fortin violated his Fourth Amendment rights by entering his home without a warrant or probable cause. In light of our conclusion that the officer is entitled to qualified immunity, we need not address the lawfulness of the entry.
 
 
 5
 As the Supreme Court has noted, qualified immunity may even shield an official who acts without probable cause. The critical inquiry is whether a reasonable officer could have believed the entry to be lawful in light of clearly established law and the information he possessed. Anderson v. Creighton, 483 U.S. 635, 641 (1987). The doctrine's broad protections extend to " 'all but the plainly incompetent or those who knowingly violate the law.' " Hunter v. Bryant, 112 S.Ct. 534, 537 (1991) ( quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).
 
 
 6
 Although Fortin failed to question the juvenile concerning the basis for the report, he did not rely solely on her information. He drove to the home and found the driveway empty and the door ajar. These observations, coupled with the report, could give rise to a reasonable belief that probable cause and exigent circumstances justified the entry. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1443-45 (9th Cir.1991). Under these circumstances, we cannot say that the officer's actions were plainly incompetent, and there is no evidence that he reasonably should have known that he was violating the law. See generally Hunter, 112 S.Ct. at 537. We therefore conclude that summary judgment was proper.
 
 C. Inadequate Training
 
 7
 Tynning also has asserted a claim against the City, apparently premised on a policy of hiring inexperienced police officers. He thus had the burden of proving that: (1) the training was inadequate in light of the tasks the officer regularly performs; (2) the City was deliberately indifferent to the need for adequate training; and (3) the inadequate training actually caused a constitutional deprivation. Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir.1989). Even if it is assumed that a constitutional deprivation did occur, Tynning failed to establish causation and the other essential elements when opposing the City's motion for summary judgment. Accordingly, the district court properly granted judgment in favor of the City. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed.R.Civ.P. 56(c).
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Both Fortin and the City dispute this fact, but Tynning's version must be taken as true because the district court granted summary judgment against him. See Bishop v. Wood, 426 U.S. 341, 347 (1976)